IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBIN BUSBY | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | |
| v. | : | NO.:   2:19-cv-02225-HB |
| | : | |
| USAA CASUALTY INSURANCE COMPANY, et al. | : | |
|     Defendant | : | |

## ORDER

AND NOW, this _____ day of _____, 2019, upon consideration of the motion of Defendant USAA Casualty Insurance Company ("USAA CIC") for Certification for Interlocutory Appeal, the Court hereby finds that the issue of whether the events of October 29, 2016 constitute "one accident" under Plaintiff Busby's USAA CIC policy of motor vehicle insurance involves a controlling question of law as to which there is substantial ground for difference of opinion, and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

 

_____
Harvey Bartle, III, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBIN BUSBY | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | |
| v. | : | NO.:  2:19-cv-02225-HB |
| | : | |
| USAA CASUALTY INSURANCE COMPANY, et al. | : | |
|     Defendant | : | |

**MOTION OF DEFENDANT, USAA CASUALTY INSURANCE COMPANY, FOR CERTIFICATION PURSUANT TO 28 U.S.C. §1292(b)**

Defendant USAA Casualty Insurance Company ("USAA CIC") moves for appellate certification of this Court's order of October 31, 2019 pursuant to 28 U.S.C. Section 1292(b), and in support thereof, avers as follows:

1. This is an underinsured motorist and bad faith suit brought by Plaintiff, Robin Busby, who is the sole insured under a USAA CIC personal motor vehicle policy issued in Pennsylvania.

2. Busby's claims arise from a multi-vehicle incident that occurred on October 29, 2016 on I-76 East in Montgomery County, Pennsylvania. (*See* Joint Statement of Stipulated Fact, attached hereto as Exhibit "A," at ¶1).

3. The parties stipulated to all relevant facts, but disagree as to whether the sequence of events giving rise to Ms. Busby's claim for underinsured motorist benefits constituted one accident or two accidents for purposes of determining the limits of UIM coverage under USAA CIC's policy.  The stacked limits of UIM coverage under USAA CIC's policy are $200,000 per accident.  Thus, if the events constitute one accident, the maximum UIM coverage available

from USAA would be $200,000; if the events constitute two accidents, the maximum UIM coverage available from USAA would be $400,000.

4. By order of October 31, 2019, this Court held that the events of October 31, 2019 constituted two "accidents" under USAA CIC's policy.

5. The amount of Busby's damages remains an issue for trial.

6. Under 28 U.S.C. section 1292(b), "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order."

7. A controlling question of law includes one which, if decided erroneously, would lead to reversal on appeal. *Knipe v. SmithKline Beecham*, 583 F. Supp. 2d 553, 599 (E.D. Pa. 2008).

8. There is a "substantial ground for difference of opinion" when "the matter involves one or more difficult and pivotal questions of law not settled by controlling authority." *Warren Hill, LLC v. SFR Equities, LLC*, 2019 U.S. Dist. LEXIS 42325 *4 (E.D. Pa. 2019), *quoting Knipe, supra*.

9. To determine if an interlocutory appeal would "materially advance the ultimate termination of the litigation," the court must consider factors including "(1) whether the need for trial would be eliminated; (2) whether the trial would be simplified by the elimination of

complex issues; and (3) whether discovery could be conducted more expeditiously and at less expense to the parties" *Warren Hill, supra, citing Knipe, supra*, at 600.

10. The issue of whether two impacts to one vehicle constitute one accident within the meaning of the insurance policy is the controlling question of law in the case, and, if decided erroneously, would lead to reversal on appeal.

11. There is substantial ground for difference of opinion, because the issue of whether two impacts to one vehicle constitute one accident within the meaning of the insurance policy involves a difficult and pivotal question of law not settled by controlling authority where (a) those impacts occurred within one second or less, (b) resulted in damages that were not alleged to be subject to apportionment, but on the contrary, as to which the injured party asserted that two tortfeasors were jointly and severally liable, (c) the injured party's medical providers have never distinguished between impacts; (d) the policy states that the maximum UIM coverage available for bodily injury sustained in an accident is the limit of liability shown on the Declarations for "each person"…"regardless of the number of … vehicles involved in the accident" [Doc. 20-1, Ex. D at pp. 17-19/32], and (e) interpreting the impacts as separate "accidents" under these circumstances would be contrary to the public policies favoring cost control and disfavoring *gratis* coverage that underlie the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1701 *et seq*. This Court's opinion recognizes that "[N]o case has been cited to us applying Pennsylvania or other state law portraying the same or similar fact pattern as exists here." *See* Opinion at 13.

12. Interlocutory appeal would materially advance the ultimate termination of the litigation, because reversal by the appellate court would mean that there would be no need for discovery or trial.

13. The above circumstances constitute the type of exceptional circumstances that justify a departure from the basic policy against piecemeal litigation and of postponing appellate review until after the entry of a final judgment. *Compare Warren Hill, supra*.

14. The Court should exercise its discretion and certify the order for interlocutory appeal in accordance with 28 U.S.C. section 1292(b).

WHEREFORE, for the reasons set forth above, Defendant USAA Casualty Insurance Company respectfully requests that this Court certify its Order of October 31, 2019, amending it to state that the order involves a controlling question of law as to which there is substantial ground for difference of opinion, and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

Respectfully submitted,

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

_____
JAMES H. COLE, ESQUIRE
CHRISTINE P. BUSCH, ESQUIRE
Attorney Identification Nos. 84039/78113
**jhcole@mdwcg.com
2000 Market Street, Suite 2300
Philadelphia, PA  19103
215-575-2635**

Dated: November 14, 2019

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBIN BUSBY | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | |
| v. | : | NO.:  2:19-cv-02225-HB |
| | : | |
| USAA CASUALTY INSURANCE COMPANY, et al. | : | |
|     Defendant | : | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT, USAA CASUALTY INSURANCE COMPANY'S
MOTION FOR CERTIFICATION PURSUANT TO 28 U.S.C. §1292(b)**

**I.      INTRODUCTION AND STANDARD FOR CERTIFICATION**

This case involves an issue of law that controls the outcome of the case, would obviate any need for discovery or trial, and as to which neither the parties nor the Court found case precedent on point.  Under these circumstances, the law authorizes this Court to certify the issue for interlocutory appeal.  USAA CIC asks this Court to exercise its discretion to do so.

The applicable statute states in relevant part:

> **§1292. Interlocutory decisions**
>
> ….
>
> **(b)** When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that <u>such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation</u>, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 USC §1292(b)(emphasis added).[1]

A controlling question of law is one in which either: (1) if decided erroneously, would lead to reversal on appeal; or (2) is "serious to the conduct of the litigation either practically or legally." *Knipe v. SmithKline Beecham*, 583 F. Supp. 2d 553, 599 (E.D. Pa. 2008) (citation omitted). There is a "substantial ground for difference of opinion" when "the matter involves one or more difficult and pivotal questions of law not settled by controlling authority." *Warren Hill, LLC v. SFR Equities, LLC*, 2019 U.S. Dist. LEXIS 42325 *4 (E.D. Pa. 2019), *quoting Knipe, supra*. To determine if an interlocutory appeal would "materially advance the ultimate termination of the litigation," the court must consider factors including "(1) whether the need for trial would be eliminated; (2) whether the trial would be simplified by the elimination of complex issues; and (3) whether discovery could be conducted more expeditiously and at less expense to the parties" *Id.*, *citing Knipe, supra*, at 600.

Even if the court finds that this standard is met, the decision to certify is within the court's discretion. *Id.*, *citing Knipe* at 599. The burden rests on the moving party to demonstrate that "exceptional circumstances justify a departure from the basic policy against piecemeal litigation and of postponing appellate review until after the entry of a final judgment." *Id.; see also L.R. v. Manheim Twp. Sch. Dist.*, 540 F. Supp. 2d 603, 608 (E.D. Pa. 2008) (citations omitted); *In re Blood Reagents Antitrust Litig.*, 756 F. Supp. 2d 637, 644 (E.D. Pa. 2010).

## II.   THE ORDER OF OCTOBER 31, 2019 WARRANTS CERTIFICATION

---

[1] USAA CIC is mindful that "A motion for reconsideration 'addresses only factual and legal matters that the Court may have overlooked. It is improper on a motion for reconsideration to ask the Court to rethink what it had already thought through — rightly or wrongly.'" *Glendon Energy Co, v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). USAA asserts that the Court erred as a matter of law, but under the above standard, seeks to challenge the Court's decision on appeal.

A.     **There is a controlling question of law**.

The issue of whether there was one accident or two accidents for purposes of USAA's insurance policy is clearly a controlling question of law within the meaning of Section 1292(b). It is the only legal issue in the case, and if decided erroneously, it would lead to reversal on appeal. *See Knipe, supra; Katz v. Carte Blanche Corp.,* 496 F.2d 747, 755 (3d Cir. 1974), *cert. denied*, 419 U.S. 885 (1974) (a controlling question of law "must encompass at the very least every order which, if erroneous, would be reversible error on final appeal"); *Max Daetwyler Corp. v. Meyer*, 575 F. Supp. 280, 283 (E.D. Pa. 1983) (first element of §1292(b) met where reversal of finding that *in personam* jurisdiction exists would, if incorrect, presumably necessitate dismissal).

B.     **There is a substantial ground for difference of opinion**

There is also substantial ground for difference of opinion, in that the matter involves a difficult and pivotal question of law not settled by controlling authority. This Court's opinion already recognizes that "[N]o case has been cited to us applying Pennsylvania or other state law portraying the same or similar fact pattern as exists here." *See* Opinion at 13. This Court was therefore required to "predict how the Supreme Court would rule." *Id*. at 14.

USAA asserts multiple bases for determining that under the "cause" theory set forth in *Donegal Mut. Ins. Co. v. Baumhammers*, 938 A.2d 286 (Pa. 2007), the circumstances constitute one accident, not two. **First,** the two impacts occurred within one second or less. **Second**, the plaintiff has never asserted that the resulting damages were capable of being apportioned. On the contrary, the plaintiff has alleged that all of the injuries and damages were "directly and proximately caused" by both tortfeasors. [Doc. 20-1, Ex. A, ¶¶43-50]. Plaintiff's medical providers have never opined that Plaintiff's injuries or damages can be attributed to separate

8

impacts. *See* Opinion at 3. **Third**, the language of the insurance policy weighs in favor of concluding that this was one accident, not two: the maximum UIM coverage available for bodily injury sustained in an accident is the limit of liability shown on the Declarations for "each person"…"regardless of the number of …vehicles involved in the accident." [Doc. 20-1, Ex. D at pp. 17-19/32]. When there are "a number of vehicles involved" in any accident, there will almost always be more than one single simultaneous impact. "If a cause and result are so simultaneous or so closely linked in time and space as to be considered by the average person as one event, courts adopting the "cause" analysis uniformly find a single occurrence or accident. *Bish v. Guaranty Nat'l Ins. Co.*, 848 P.2d 1057, 1058-59, *quoting Welter v. Singer*, 376 N.W.2d 84, 87 (Wis. Ct. App. 1985) (one occurrence where car struck two bicyclists; stopped; subsequently moved his car, dragging one of the cyclists along; stopped again; and dragged the cyclist again, and where the entire incident lasted about one minute); *see also Flemming v. Air Sunshine*, 311 F.3d 282 (3d Cir. 2002) (plane crash and other instances of negligence before and after the crash constituted one accident: the "allegedly negligent acts are so closely linked in time and space as to be considered by the average person as one event."); *Just v. Farmers Auto. Ins. Ass'n*, 877 N.W.2d 467, 472 (Iowa 2016) (the policy did not define the term "'accident,' yet the clause stating that the insurer's liability is limited 'regardless of the number of . . . [v]ehicles involved in the auto accident' is an important clue to its meaning. … This language sweeps multi-vehicle events within the definition of a single accident. And if every impact constituted a separate accident, this language would have little or no meaning because the probability of more than two vehicles colliding at the same instant is very low. …[W]e think what happened…. would be commonly described as a 'multi-vehicle accident.'" The time in between the impacts in *Just* was disputed, but irrelevant, since it was "measured in seconds.").

The Court's contrary interpretation here would render USAA's limiting language superfluous, and/or would amount to modifying that language so that it instead provides "regardless of the number of …vehicles involved in the accident <u>but only as long as only one impact occurs</u>." In construing the terms of an insurance policy, "the court must read the policy in its entirety, 'in a manner that gives effect to all of the policy language if at all possible.'" *Whole Enchilada, Inc. v. Travelers Prop. Cas. Co. of America*, 581 F. Supp. 677, 690 (W.D. Pa. 2008), *quoting O'Connor-Kohler v. United Services Auto. Ass'n*, 883 A.2d 673, 679 (Pa. Super. 2005). **Fourth**, considerations of public policy weigh heavily in favor of interpreting two impacts, occurring almost at the same time and resulting in non-apportionable damages, as one accident, not two. Interpreting two impacts as separate "accidents" under these circumstances would be contrary to two important aspects underlying the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1701 *et seq*. One is "the accepted principle that insureds are not entitled to receive *gratis* coverage." *Safe Auto Ins. Co. v. Oriental-Guillermo*, 214 A.3d 1257, 1265 (Pa. 2019). Closely related to that principle is the long-standing concern about controlling the cost of insurance, because the proposed interpretation would almost certainly result in an increase in the cost of insurance, as insurers would be forced to insure unknown risks of multiple "accidents" despite limiting policy language to the contrary. "[I]it is clear that [cost control] remains one of the policy concerns to be considered" under the MVFRL. *Safe Auto, supra*, 214 A.3d at 1268.

A difference of opinion sufficient to warrant certification of a question for appeal can be found where "the arguments in support of the opposite conclusion are not insubstantial." *Max Daetwyler Corp. v. Meyer, supra*. The arguments of USAA CIC are well-founded and substantial, and support certification.

      **C.**      <u>**Appeal now would materially advance the ultimate termination of the litigation**</u>.

To determine if an interlocutory appeal would "materially advance the ultimate termination of the litigation," the court must consider factors including "(1) whether the need for trial would be eliminated; (2) whether the trial would be simplified by the elimination of complex issues; and (3) whether discovery could be conducted more expeditiously and at less expense to the parties" *Warren Hill, supra, citing Knipe, supra*, at 600. *Cf. L.R. v. Manheim Twp. Sch. Dist.*, 540 F. Supp. 2d 603, 613 (E.D. Pa. 2008), *citing Orson, Inc. v. Miramax Film Corp.*, 867 F. Supp. 319, 322 (E.D. Pa. 1994).

That element is easily met here, because reversal by the appellate court would mean that there would be no need for trial – and also no need for further discovery. "[O]n the practical level, saving of time of the district court and of expense to the litigants was deemed by the sponsors [of the statute] to be a highly relevant factor. *L.R. v. Manheim Twp. Sch. Dist.*, *supra*, 540 F. Supp. 2d at 610, *citing Katz v. Carte Blanche Corp., supra*. That same principle continues to support resolving the legal issue now, through certification for appeal.

      **D.**      <u>**These circumstances warrant the exercise of discretion**</u>

Whether to certify an issue for interlocutory appeal is a matter within the discretion of the trial court: whether to depart from the basic policy against piecemeal litigation, in which appellate review is postponed until after the entry of a final judgment. In *Warren Hill, supra*, this Court held that the circumstances did not warrant that exercise of discretion. However, in that case, two of the required elements were absent. There was no substantial ground for difference of opinion, because the Court was interpreting the "unambiguous language" of a statute, which "did not involve any 'difficult and pivotal questions of law not settled by controlling authority.'" *See Warren Hill, supra* at *4. Moreover, the defendant in *Warren Hill*

11

did not make any argument that certification of the issue would "materially advance the ultimate termination of the litigation," and the Court found that it would not do so: "Trial would not be avoided or simplified, and discovery would not be expedited." *Id*. at *5.

The opposite is true here. There is substantial ground for difference of opinion, and both discovery and trial could be avoided in their entirety. These circumstances constitute the type of exceptional circumstances that justify that departure.  *See*, *e.g.*, *L.R. v. Manheim, supra*.

### III.   CONCLUSION

For the reasons set forth above, Defendant USAA Casualty Insurance Company, respectfully requests that this Court exercise its discretion and certify the order for interlocutory appeal in accordance with 28 U.S.C. section 1292(b).

Respectfully submitted,

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

**JAMES H. COLE, ESQUIRE**
**Attorney Identification No.: 84039**
jhcole@mdwcg.com
215-575-2635
**CHRISTINE P. BUSCH, ESQUIRE**
**Attorney Identification No. 78113**
cpbusch@mdwcg.com
**2000 Market Street, Suite 2300**
**Philadelphia, PA  19103**
**215-575-2778**

Dated: November 14, 2019

## CERTIFICATE OF SERVICE

I, James H. Cole, Esquire, hereby certify that a true and correct copy of the foregoing Motion of Defendant, USAA Casualty Insurance Company, for Certification and supporting Memorandum of Law were served upon the following party via Electronic Court Filing system, on the below date:

Gabriel Z. Levin, Esquire
**LEVIN & ZEIGER, LLP**
1500 John F. Kennedy Boulevard, Suite 620
Philadelphia, PA 19102

Jeffrey Quinn, Esquire
**DICKIE MCCAMEY & CHILCOTE, P.C.**
1650 Arch Street, Suite 2110
Philadelphia, PA 19103

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

JAMES H. COLE, ESQUIRE
Attorney Identification No.:   84039
jhcole@mdwcg.com
2000 Market Street, Suite 2300
Philadelphia, PA 19103
215-575-2635

Dated: November 14, 2019