**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ROBIN BUSBY, | : | CIVIL ACTION |
| Plaintiff, | : | NO: 2:19-cv-02225-HB |
| | : | |
| vs. | : | |
| | : | |
| STEADFAST INSURANCE COMPANY; | : | |
| USAA CASUALTY INSURANCE COMPANY, | : | |
| Defendants. | : | |

**ORDER ON MOTION FOR RECONSIDERATION**

AND NOW, this _____ day of _____, 2019, upon consideration of Defendant, Steadfast Insurance Company's Motion for Reconsideration of this Court's Order of October 31, 2019 (Doc. 35) Denying Steadfast's Cross-Motion for Partial Summary Judgment and Granting Plaintiff's Cross-Motion for Partial Summary Judgment and any responses thereto, it is hereby ORDERED and DECREED that said Motion is GRANTED. It is hereby further ORDERED and DECREED that the Order of October 31, 2019 (Doc. 35) is hereby VACATED, Steadfast's Cross-Motion for Partial Summary Judgment is hereby GRANTED and Plaintiff's Cross-Motion for Partial Summary Judgment is hereby DENIED.

BY THE COURT:

_____
HON. HARVEY BARTLE, III

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBIN BUSBY, | : | CIVIL ACTION |
|                 Plaintiff, | : | NO: 2:19-cv-02225-HB |
| | : | |
| vs. | : | |
| | : | |
| STEADFAST INSURANCE COMPANY; | : | |
| USAA CASUALTY INSURANCE COMPANY, | : | |
|                 Defendants. | : | |

## ORDER IN THE ALTERNATIVE ON MOTION FOR RECONSIDERATION

AND NOW, this _____ day of _____, 2019, upon consideration of Defendant, Steadfast Insurance Company's Motion for Reconsideration of this Court's Order of October 31, 2019 (Doc. 35) Denying Steadfast's Cross-Motion for Partial Summary Judgment and Granting Plaintiff's Cross-Motion for Partial Summary Judgment, and any responses thereto, it is hereby ORDERED and DECREED that said Motion is GRANTED. It is hereby further ORDERED and DECREED that the Order of October 31, 2019 (Doc. 35) is hereby VACATED and oral argument on the cross-motions shall be heard on _____.

BY THE COURT:

_____
HON. HARVEY BARTLE, III

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBIN BUSBY, | : | CIVIL ACTION |
| Plaintiff, | : | NO: 2:19-cv-02225-HB |
| | : | |
| vs. | : | |
| | : | |
| STEADFAST INSURANCE COMPANY; | : | |
| USAA CASUALTY INSURANCE COMPANY, | : | |
| Defendants. | : | |

### ORDER IN THE ALTERNATIVE ON MOTION TO AMEND

AND NOW, this _____ day of _____, 2019, upon consideration of Defendant, Steadfast Insurance Company's Motion to Amend Judge Bartle's Order of October 31, 2019 (Doc. 35) Denying Steadfast's Cross-Motion for Partial Summary Judgment and Granting Plaintiff's Cross-Motion for Partial Summary Judgment, and any responses thereto, it is hereby ORDERED and DECREED that said Motion is GRANTED. It is hereby further ORDERED and DECREED that the Order of October 31, 2019 (Doc. 35) shall be amended to permit the petition for allowance of immediate appeal, pursuant to 28 U.S.C. § 1292(b).

BY THE COURT:

_____
HON. HARVEY BARTLE, III

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ROBIN BUSBY, | : | CIVIL ACTION |
| Plaintiff, | : | NO: 2:19-cv-02225-HB |
| | : | |
| vs. | : | |
| | : | |
| STEADFAST INSURANCE COMPANY; | : | |
| USAA CASUALTY INSURANCE COMPANY, | : | |
| Defendants. | : | |

**DEFENDANT, STEADFAST INSURANCE COMPANY'S MOTION FOR RECONSIDERATION OF THIS COURT'S ORDER OF OCTOBER 31, 2019 (DOC. 35) DENYING STEADFAST'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, TO AMEND THE ORDER**

Defendant Steadfast Insurance Company ("Steadfast") respectfully requests that the Court reconsider and vacate its Order of October 31, 2019 (Doc. 35) denying Steadfast's Cross-Motion for Partial Summary Judgment and granting Plaintiff's Cross-Motion for Partial Summary Judgment to correct a manifest error of law.  In the alternative, Steadfast respectfully requests that the Court amend its Order of October 31, 2019 (Doc. 35) to include the language required pursuant to 28 U.S.C. § 1292(b) to permit Steadfast to petition the Third Circuit for permission to appeal.

|  |  |  |
|---|---|---|
|  |  | DICKIE, McCAMEY & CHILCOTE, P.C. |
|  | BY: | s/Jeffrey Quinn |
|  |  | JEFFREY H. QUINN, ESQ. |
|  |  | ALLISON L. PERRY, ESQ. |
|  |  | *Attorneys for Steadfast Insurance Company* |

Dickie, McCamey & Chilcote, P.C.
1650 Arch Street, Suite 2110
Philadelphia, PA 19103
(215) 925-2289
(888) 811-7144 (fax)
jquinn@dmclaw.com
aperry@dmclaw.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBIN BUSBY, | : | CIVIL ACTION |
| Plaintiff, | : | NO: 2:19-cv-02225-HB |
| | : | |
| vs. | : | |
| | : | |
| STEADFAST INSURANCE COMPANY; | : | |
| USAA CASUALTY INSURANCE COMPANY, | : | |
| Defendants. | : | |

**DEFENDANT STEADFAST INSURANCE COMPANY'S MOTION FOR RECONSIDERATION OF THE COURT'S OCTOBER 31, 2019 ORDER DENYING STEADFAST'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, MOTION TO AMEND THE ORDER**

Defendant Steadfast Insurance Company ("Steadfast") respectfully requests that the Court reconsider its October 31, 2019 Order (Doc. 35) (the "Order") denying Steadfast's cross-motion for summary judgment and granting Plaintiff's cross-motion for summary judgment or, in the alternative, Steadfast requests that the Court amend its Order to include the language necessary under 28 U.S.C. § 1292(b) for Steadfast to seek an interlocutory appeal.

**I.     RELEVANT BACKGROUND**

In September 2019, Steadfast filed its cross-motion for partial summary judgment on the limited issue of whether the three-car pileup that gave rise to this lawsuit constitutes one "accident" or two as that term is defined by the relevant Steadfast insurance policy. Steadfast argued that the facts, the policy language, and case law demonstrate that the three-car pileup constitutes one "accident." On October 31, 2019, the Court entered the Order, holding that the three-car pileup constitutes two "accidents." The Court's Order correctly states the facts, the

relevant policy language, and the applicable law, but the Court committed clear error in its application of the cause test.

Steadfast respectfully asks the Court to reconsider its application of the "cause test" because it is not a "fact intensive" issue in the way applied by the Court, and, instead, the Court should have considered the issue from the viewpoint of the "average person," which leads to a one-accident interpretation of three-car pileups. *Compare* Doc. 35 at 13 ("The issue before the court is fact intensive.") *with* Doc. 35 at 8–9 ("If cause and result are *so simultaneous or so closely linked in time and space to be considered by the average person as one event*, courts adopting the 'cause' test analysis find a single occurrence or accident.").

In the alternative, Steadfast respectfully requests that the Court amend its Order to include the language necessary under 28 U.S.C. § 1292(b) for Steadfast to seek appellate review of this controlling issue of law.

## II. ARGUMENT

### A. The Court's Order Creates The Potential For A Later, Inconsistent Ruling

Under Pennsylvania law, in cases such as the one presented herein involving two tortfeasors allegedly responsible for causing harm to a plaintiff, the threshold question of law for the court to determine, before the case can proceed to a jury, is "whether liability for harm to a plaintiff is capable of apportionment." See Smith v. Pulcinella, 656 A.2d 494, 496 (Pa. Super. 1994). In Smith, the Court found that two rear-end collisions, separated by 15 minutes, constituted a single accident because (1) the duty of care owed by the two drivers to plaintiff was identical; (2) the two drivers were negligent in an identical fashion; (3) the negligence occurred at almost the same time and place; (4) but for the one driver's negligence, the plaintiff would not have been susceptible to a second impact; and (5) the plaintiff's medical experts were unable to

differentiate between the injuries the plaintiff sustained in each of the impacts. Id. at 497-498. The Court concluded that, because the "two incidents could be considered as one accident," the liability of one tortfeasor "should be considered without apportioning damages." Id. at 498.

In the instant case, the Court found that "there were two independent actors here who caused two separate collisions. … [T]here simply was not 'one proximate, uninterrupted, and continuing cause which resulted in all of the injuries and damages.'" See Doc. 34, pp. 10-11 (citation omitted). Accordingly, the Court reached the conclusion that two accidents took place. See Doc. 34, p. 14.

Having determined that there are two accidents, it necessarily follows, based on Smith, *supra*, that Plaintiff must be capable of apportioning damages between them. This proposition is further supported by the language in the Steadfast policy, which provides that Steadfast will pay "all sums the 'insured' is legally entitled to recover as compensatory damages from the owner or driver of an 'underinsured motor vehicle'. The damages must result from 'bodily injury' sustained by the 'insured' caused by an 'accident'." See Doc. 24-2. The "accident" for which Plaintiff will seek to recover against Steadfast is the second accident – between Crossley and Curtin. Therefore, Plaintiff has to establish the bodily injury she sustained specifically as a result of the second accident, as opposed to the first accident, in order to recover UIM benefits. Any bodily injury caused by the first accident would not be recoverable under Steadfast's UIM Endorsement.

Plaintiff herself pled in her Underlying Complaint that she struck her head during the collisions and that the negligence of both Curtin and Crossley caused her to suffer "serious and permanent personal injuries, which included a traumatic posterior scalp hematoma, a concussion, a traumatic brain injury, right anterior pelvic hematoma, right gluteus medius muscle strain, neck

and back injuries, and other injuries, the full extent of which are not yet known to Plaintiff." See Doc. 24-1, ¶¶ 41, 58. Nowhere did she attempt to parse out her injuries or damages as between the first and second accidents. Further, Plaintiff's biomechanical expert in the Underlying Action attributed all of Plaintiff's alleged injuries to the "October 29, 2016 frontal and rear-end collisions." See Exhibit A. What is more, Plaintiff has admitted in the parties' Joint Statement of Stipulated Facts that none of her treatment providers have "opined medical causation for any injury to either a first or second impact." See Doc. 18. Instead, all of Plaintiff's treatment providers have opined that the cause of Plaintiff's injuries was "the incident" or "the accident".

Based on the foregoing, Plaintiff will be unable, as a matter of law, to satisfy her burden with regard to proving specific injuries and damages attributable to the second accident for which she has allegedly not been fully compensated. To the extent that this matter is permitted to proceed to trial, this Court would have to hold that Plaintiff's injuries are indivisible, which necessarily means that the two impacts constituted one accident. See Smith, *supra*. To do so, this Court would need to reconsider the very issue being presented herein and overturn itself (which would then foreclose the UIM trial from going forward on the grounds set forth in Steadfast's Cross-Motion for Summary Judgment).

    **B.**    **The Court committed clear error in its application of the "cause test" to the three-car pileup that gave rise to this lawsuit.**

Steadfast seeks reconsideration of the Order under Fed. R. Civ. P. 59(e) and Local Rule 7.1(g). *See Blue Mt. Mushroom Co. v. Monterey Mushroom*, 246 F. Supp. 2d 394, 398 (E.D.Pa. 2002). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A party may seek reconsideration where "there were facts or legal issues properly presented but overlooked by the court in its decision." E.D.Pa. R. 7.1(g), comment 6b (citing

*Marriott Senior Living Servs. v. Springfield Township*, 2000 U.S.Dist. LEXIS 17529, No. Civ. A. 97-3660 (E.D.Pa. 2000)). Here, the Court committed a manifest error in its application of the cause test.

On pages 8–9 of its Order, the Court accurately identifies the applicable cause test and correctly states how it applies: "If cause and result are so simultaneous or so closely linked in time and space as to be considered by the average person as one event, courts adopting the 'cause' analysis uniformly find a single occurrence or accident." Doc. 35 at 8-9 (quoting *Fleming v. Air Sunshine, Inc.*, 311 F.3d 282, 296 (3d Cir. 2002)). But the Court did not apply the cause test this way.

Instead, the Court applied the cause test in an overly "fact intensive" manner. Doc. 35 at 13. The Court focused on technical facts, such as the number of "events" recorded by an event data recorder and the delta force applied to Plaintiff by these separate "events." *Id.* at 3. While there were two "events" here in a technical sense, and the term "events" may be equated with "collisions," neither term can be equated with "accidents," as that term is used in the Steadfast policy. Determining the number of "accidents" in multi-car pileups for purposes of triggering auto insurance policies should not require examining event data recorders or delta force applied to any vehicle occupants. Indeed, multi-car pileups with multiple collisions occurring a second apart constitute one accident, regardless of the number of collisions and regardless of who hit who first in those pileups. In fact, the Court recognized that there would be only one accident in a "domino" type of pileup, but the Court never explained why the result should be different depending on who hit who first. *Id.* at 14. The average person would view this three-car pileup as one "accident," which comports with the way that term is used in the Steadfast policy. Even Plaintiff, Plaintiff's counsel, and Plaintiff's doctors and experts agree since they all have referred

to a singular "accident" here. There should be no question that treating multi-car pileups like the one here as one accident meets the reasonable expectations of insurance consumers and insurance companies. Plaintiff attempts to use technicalities to achieve a different result and expand the available coverage, but requiring a fact-intensive battle of the experts to determine whether multi-vehicle, multi-collision accidents constitute one accident would turn the auto insurance industry on its head, and the Court should avoid that.

Furthermore, the Court's Order appears to rely on assumptions for which there is no record evidence. For example, the Court states: "Even if Curtain had stopped the vehicle prior to striking the back of the vehicle in front of him, Crossley still would have rear-ended Curtain's vehicle. The crash caused by Curtain was not the proximate cause of the crash caused by Crossley." Doc. 35 at 11–12. Here, there is no evidence demonstrating one way or the other whether the second collision would have happened if the first did not. The collision allegedly caused by Curtain may have been the proximate cause of the collision caused Crossley; the current evidence simply does not answer that question. Regardless, that question is beside the point. The focus here should be on the fact that this three-car pileup caused Plaintiff's damages in an indivisible manner, and the average person would view this three-car pileup as one accident. Indeed, the term pileup helps demonstrate that multi-car accidents like this typically are viewed as one type of accident—a pileup. There is no precedent to support such an overly technical analysis, and Steadfast cited numerous precedent from other jurisdictions finding one accident in similar multi-vehicle, multi-collision accidents.

Finally, the Court distinguishes this case from others by the number of actors involved, and the Court dismisses the case law Steadfast relied on by stating that it made clear only that an "accident" can involve multiple vehicles, but this is not accurate. Doc. 35 at 12. As an initial

matter, Steadfast's motion and the case law it cited made clear that an "accident" can involve *multiple collisions*—and thus multiple actors—which is the key point because the Order appears to conflate the terms "collision" or "event" and "accident." Furthermore, if the Court's Order is based on the notion that here there were two acts of negligence by two separate actors causing two collisions, that should make no legal difference, and the premise is not supported by the evidence. For example, in *Safeco Ins. Co. of Amer. v. Simmons*, 642 F. Supp. 305 (N.D. Cal. 1986), the court found a single accident where the concurrent negligence of two separate drivers caused multiple collisions, demonstrating that the number of negligent actors does not determine the number of accidents. Nevertheless, if the finding of two accidents depends on there being "two independent actors here who caused two separate collisions," then the Order is premature because there has been no finding about who caused any of the collisions at issue here. If the number of negligent actors determines the number of accidents under the cause test, then the Court should hold the issue in abeyance until Plaintiff has met her burden to demonstrate that both Curtain and Crossley negligently caused separate collisions, each attributable to certain of Plaintiff's injuries.

    **C.    Alternatively, the Court should amend its Order to include the language required by 28 U.S.C. § 1292(b) to permit Steadfast to seek an interlocutory appeal.**

Under 28 U.S.C. § 1292(b), the Court may certify this issue for immediate appeal because: (1) it involves a controlling issue of law, (2) that offers substantial ground for a difference of opinion, and (3) an appeal may materially advance the ultimate termination of the litigation. *See Katz v. Carte Blanche Corp.*, 496 F.2d 747, 753–55 (3d Cir. 1974); *Piper v. Portnoff Law Assocs.*, 274 F. Supp. 2d 681, 690 (E.D. Pa. 2003).

    **1.    *Controlling Issue of Law***

"A controlling issue of law is one which either, if decided erroneously, would lead to reversal on appeal, or is serious to the conduct of the litigation either practically or legally. And on the practical level, saving of time of the district court and of expense to the litigants is deemed is to be a highly relevant factor." *In re Mushroom Direct Purchaser Antitrust Litig.*, 54 F. Supp. 3d 382, 394 (E.D. Pa. 2014) (internal citations omitted). The number-of-accidents issue decided by the Court in the Order is a controlling issue of law, as the parties and Court recognized by agreeing to have that issue decided at the outset of this action. If there were one accident, then the limits of the relevant Steadfast policy are exhausted, and if there were two accidents, Plaintiff may seek to recover up to an additional $1 million under Steadfast's policy. Since this is an all-or-nothing question when it comes to the relevant insurance benefits, and Steadfast intends to appeal the issue whether before trial or after, for judicial economy and other reasons, this controlling issue of law should be ultimately decided now.

### 2. *Substantial Ground for a Difference of Opinion*

A controlling issue of law offers substantial ground for difference of opinion "where there is genuine doubt or conflicting precedent as to the correct legal standard." *In re Mushroom Direct Purchaser Antitrust Litig.*, 54 F. Supp. 3d at 394. While much of the case law relied on by Steadfast was out-of-state precedent, those cases applied the exact same test the Court applied here—the cause test—to similar circumstances involving multi-vehicle, multi-collision auto accidents. And those courts found one accident in a variety of scenarios analogous here. Comparing the Order here with authority cited by Steadfast demonstrates that substantial ground exists for a difference of opinion over the application of the cause test to multi-vehicle, multi-collision auto accidents. Furthermore, the Court recognized that it was "predict[ing] how the

Pennsylvania Supreme Court would rule," which demonstrates that appellate review here would be appropriate. Doc. 35 at 14.

### 3.  *Materially Advancing Ultimate Termination of the Litigation*

An interlocutory appeal is proper "where the appeal may eliminate the need for a trial or simplify a case by foreclosing complex issues." *In re Mushroom Direct Purchaser Antitrust Litig.*, 54 F. Supp. 3d at 394. If an appeal were permitted here, and the Third Circuit reversed the Court's order and found one accident, the litigation likely would end because Plaintiff would have no insurance claims against Steadfast because the Steadfast policy is exhausted (largely by payments already made to Plaintiff). If the Third Circuit affirms, then Steadfast will have exhausted all reasonable avenues to seek a finding of one accident, and likely will settle the litigation for an amount within the $1 million policy limit that would be available under a two-accident theory.

## III.   CONCLUSION

For all of these reasons, the Court should reconsider its Order and find that the average person would view the three-car pileup that gave rise to this action as a single accident, as that term is used in the relevant Steadfast policy. In the alternative, the Court should amend its order to include the language required by 28 U.S.C. § 1292(b) so that Steadfast may seek permission for an interlocutory appeal.

                                        DICKIE, McCAMEY & CHILCOTE, P.C.

                                            s/Jeffrey Quinn

BY:                                   _____
                                        JEFFREY H. QUINN, ESQ.
                                        ALLISON L. PERRY, ESQ.
                                        *Attorneys for Steadfast Insurance Company*

Dickie, McCamey & Chilcote, P.C.
1650 Arch Street, Suite 2110
Philadelphia, PA 19103
(215) 925-2289
(888) 811-7144 (fax)
jquinn@dmclaw.com
aperry@dmclaw.com

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing pleading was filed with the Court via the Electronic Case Filing System, and was served on all counsel of record through the same means, unless they are not registered to receive filings electronically, in which case service was made by U.S. Mail, postage pre-paid.

                                DICKIE, MCCAMEY & CHILCOTE, PC

                                *Jeffrey Quinn*
       BY:      _____
                                JEFFREY H. QUINN, ESQUIRE

Date:  11/19/19